**Antonio Valenzuela CRUZ;
et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

**No. 07–73985.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2010.*

Filed April 19, 2010.

Edgardo Quintanilla, Esquire, Sherman Oaks, CA, for Petitioners.

OIL, Manuel A. Palau, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Antonio Valenzuela Cruz, Maria Guadalupe Teran Ramirez, and two of their children, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to reopen as untimely because petitioners filed the motion more than three years after the BIA's February 24, 2004, removal order, *see* 8 C.F.R. § 1003.3(c)(2), and petitioners failed to establish that they acted with the due diligence required for equitable tolling, *see Iturribarria,* 321 F.3d at 897 (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances); *cf. Ghahremani v. Gonzales,* 498 F.3d 993, 1000 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.